[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Whether the court should strike the plaintiff's request for damages on the ground that a court cannot grant damages in a foreclosure action.
Because the court cannot enter a judgment for damages in a foreclosure action and the plaintiff failed to separate its claim of damages from its foreclosure action, the plaintiff's request for damages is stricken.
FACTS CT Page 11939
On March 30, 2000, the plaintiff, Fleet National Bank, filed a one-count amended complaint against the defendants, David Suares, Evans Vochis, Joan Haessig, Shawn Whaley, Kipp Whaley, and Thomas Spinola. The plaintiff alleges that it is the current holder of a promissory note for $2.5 million, secured by a mortgage on a parcel of land known as 15 Belden Avenue, Norwalk. The plaintiff alleges that from January 1, 1991 through April 1, 1992, the defendants failed to make mortgage payments under the note. The plaintiff further alleges that by a letter dated February 4, 1999, the plaintiff made a demand for payment of all sums due under the note and mortgage, but that the defendants have failed to pay. The plaintiff alleges that, as a result of nonpayment, the plaintiff incurred damages, and is seeking a strict foreclosure of said mortgage, immediate possession of the property, an order of immediate ejectment, the appointment of a receiver, costs, reasonable attorneys' fees and damages.
On July 17, 2000, the defendant, Thomas Spinola, filed a motion to strike the plaintiff's request for damages on the ground that the relief of damages is not available in a foreclosure action.[1] As required by Practice Book § 10-42, the defendant filed a memorandum in support of its motion to strike. On August 4, 2000, the plaintiff filed a timely objection to the motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 580.
The defendant argues in its memorandum of law that "[f]oreclosure actions are equitable proceedings," and therefore, a request for damages is not a proper prayer for relief. The plaintiff responds in its opposition memorandum that Connecticut law does allow "a plaintiff to recover damages in . . . [a foreclosure] action should it be successful in proving them." The plaintiff notes that "the official form setting forth the required and appropriate allegations for foreclosure of a mortgage (i.e., Form 704.31) contains a general request for damages in CT Page 11940 its prayer for relief."
In real estate mortgage law, "[t]he plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and, in this State, action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." (Internal quotation marks omitted.) New Milford Savings Bank v. Jajer, 244 Conn. 251,266, 708 A.2d 1378 (1998), on remand, 52 Conn. App. 69, 726 A.2d 604
(1999).
The prayer for relief of damages, listed in Practice Book Foreclosure Form 704.31, "is generally inappropriate inasmuch as a foreclosure sounds in equity and the only legal relief available is for a deficiency judgment. Such relief is customarily specifically requested rather than sought simply as damages." D. Caron, Connecticut Foreclosures (3d Ed. 1997) § 4.10, p. 107. Furthermore, "[t]he court cannot enter a judgment for money damages in a foreclosure action . . . Mahler v. Kastens, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031370 (July 16, 1990, Curran, J.) (2 Conn.L.Rptr. 99). "[A]lthough [a] plaintiff may bring, in a single suit, a foreclosure action seeking a deficiency judgment and an action on the note seeking damages, the latter claim must be set forth in a separate and distinct cause of action. . . ." NSS Bank v. Kim, Superior Court, judicial district of Danbury, Docket No. 334223 (November 18, 1999, Moraghan,J.); see also Memoli v. Spodnick, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 038296 (August 18, 1993, Curran,J.) (8 C.S.C.R. 946).
In the present case, the plaintiff has failed to plead damages in a separate action. Instead, the plaintiff is seeking, inter alia, both strict foreclosure and damages in one count. Because this court cannot enter a judgment for damages in a foreclosure action, the plaintiff's request for money damages is stricken.
HICKEY, J.